IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAJI GAINES, #Y54921, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 24-cv-02686-SMY |
| | ) |
| WARDEN DARREN GALLOWAY, | ) |
| SGT. GREGGORY, C/O GRIFFITH, | ) |
| JOHN DOE 1 (C/O Third Shift), | ) |
| JOHN DOE 2 (C/O Working Seg 2) | ) |
| SHAWNEE HEALTH CARE UNIT, and | ) |
| ILLINOIS DEPT. of CORRECTIONS, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Taji Gaines, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims he suffered three seizures and was denied medical care. He seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff had a total of three seizures on September 26 and 27, 2024 while he was housed in Unit 3-D, cell 25 at

1

Shawnee (Doc. 1, p. 6). One of the seizures caused Plaintiff to fall backwards and hit his back on the cell's steel toilet (Doc. 1, p. 12). The prison was on lockdown at the time (Doc. 1, p. 12). Plaintiff told Defendant Officer Griffith and Defendant Sergeant Greggory in 3-House that he had a seizure and needed medical treatment because he was in pain (Doc. 1, p. 4). Griffith and Greggory refused to secure medical care and ignored Plaintiff's requests for a crisis team and to speak with a Lieutenant (Doc. 1, p. 4). Multiple other officers denied Plaintiff's requests for health care and a crisis team (Doc. 1, p. 6).

The housing units are not equipped with emergency buttons in the cells and officers did not perform routine checks while the prison was on lockdown (Doc. 1, p. 6). Inmates in Unit 3-D were not allowed any movement, including to go to the health care unit, and Plaintiff and others received no medical care during the lockdown (Doc. 1, pp. 5-6). The officers in Unit 3-D refused to give Plaintiff medical call passes and grievance forms.

Plaintiff was placed in temporary confinement for 10 days on a disciplinary charge (Doc. 1, p. 6). Defendant Officer John Doe 2 in Seg 2 refused to give Plaintiff medical call passes and grievances. Plaintiff continues to suffer from back and neck pain, difficulty sleeping, and anxiety (Doc. 1, p. 6).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against Greggory and Griffith for refusing to obtain medical care for Plaintiff after he suffered seizures on September 26-27, 2024, and against John Doe 2 for refusing to give Plaintiff call passes while he was in segregation to seek medical attention for his injuries suffered from the seizure. |
| Count 2: | Claim against John Doe 2 for refusing to give Plaintiff grievance forms. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff includes Shawnee Warden Darren Galloway, John Doe 1, the Shawnee Health Care Unit, and the Illinois Department of Corrections as named defendants, but fails to mention them in his statement of claim and does not describe what they allegedly did to violate his constitutional rights (Doc. 1, pp. 1-2, 6). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, a plaintiff is required to associate specific defendants with specific claims so defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

Additionally, Plaintiff cannot maintain a lawsuit for damages against the Illinois Department of Corrections or the Shawnee Health Care Unit. IDOC is a state government agency, of which Shawnee and its Health Care Unit are divisions. A state agency is not a "person" subject to suit in a § 1983 civil rights action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995). For these reasons, John Doe 1, the Shawnee Health Care Unit, and the Illinois Department of Corrections will be dismissed from the case without prejudice. All claims against Galloway in his individual capacity will also be dismissed.

### Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Greggory, Griffith, and John Doe 2 (Seg 2 Officer). However, Plaintiff must identify the John Doe 2 Officer by name before he can be notified of this lawsuit.

### Count 2

The Constitution does not require prisons to have grievance procedures, so the failure of state prison officials to follow their own grievance procedures does not violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Thus, the John Doe 2 Officer's alleged refusal to provide Plaintiff with grievance forms during his segregation confinement does not support a constitutional claim. Count 2 will therefore be dismissed.

### Unknown/John Doe Defendants

Plaintiff is responsible for securing information aimed at identifying the Unknown/John

Doe 2 Defendant, in accordance with the John/Jane Doe Identification Order that will be entered separately. Once the name of the unknown defendant is obtained, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint. Warden Galloway of Shawnee Correctional Center, in his official capacity only, will remain as a defendant for the purpose of responding to Plaintiff's requests for information regarding the identity of the Unknown Defendant.

## Disposition

The Complaint states colorable claims in Count 1 against Greggory, Griffith, and John Doe 2. Count 2 and Defendants John Doe 1, Shawnee Health Care Unit, and the Illinois Department of Corrections are **DISMISSED** without prejudice.

The Clerk shall prepare for Warden Darren Galloway of Shawnee Correctional Center (official capacity only), Sgt. Greggory, and C/O Griffith: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**. Warden Galloway need only appear in this matter and need not answer the Complaint.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: June 16, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.