IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAJI GAINES, <br> # Y54921, <br><br> Plaintiff, <br><br> vs. <br><br> DARREN GALLOWAY, <br> DENNIS GREGORY, <br> C/O GRIFFITH, and <br> JOHN DOE 2, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 24-cv-02686-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court for case management. Plaintiff Taji Gaines filed this action on December 23, 2024, while he was a prisoner in the custody of the Illinois Department of Corrections ("IDOC") at Shawnee Correctional Center (Doc. 1). IDOC online records indicate Plaintiff was released on parole on July 3, 2025.[1] Documents mailed to him at his address of record at Shawnee were returned as undeliverable and marked "Paroled." (Docs. 24, 27, 29).

The Court ordered Plaintiff to provide written notice of his current address by August 15, 2025, warning that failure to comply would result in the dismissal of this case with prejudice (Doc. 25). The August 15, 2025 deadline has come and gone, and Plaintiff has failed to update his address or respond in any way.

Accordingly, this case is **DISMISSED with prejudice** for failure to prosecute and failure to comply with an Order of the Court. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997);

---

[1] IDOC Individual in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited August 25, 2025).

1

*Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  August 26, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
